IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DB  INSURANCE  CO.,  LTD. | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 19 – 3774 |
| | § | ADMIRALTY |
| G2 OCEAN AS, *et al*. | § | |

*ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DB Insurance Co., Ltd. files this Original Complaint against Defendants, G2 Ocean AS ("G2") and Grieg Shipping II AS ("Grieg"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

3. Plaintiff is a South Korean corporation with its principal place of business in Seoul, South Korea.

4. At all times material, Plaintiff insured DSL Corporation ("DSL") under an insurance policy.

5. Plaintiff paid DSL for cargo loss under the insurance policy and/or is

contractually and/or equitably subrogated to DSL's interest in the cargos.

6. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargos.

7. On information and belief and at all times material, G2 owned, chartered, managed and/or operated the M/V STAR LAGUNA as a common carrier of goods by water for hire between various ports, including the Ports of Taichung, Taiwan and Houston.

8. On information and belief, G2 is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, owning, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

9. On information and belief, G2 is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.

10. Alternatively, although G2 may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, G2 has sufficient national minimum contacts

with the United States as a whole.

11. The exercise of personal jurisdiction over G2 is consistent with the Constitutions and other laws of the United States and Texas.

12. Serving G2 with a summons is effective to establish personal jurisdiction over it.

13. G2 can be served by serving the Texas Secretary of State, and process or notice can be sent to G2 at its home office at Grieg–Gaarden, C. Sundtsgate 17/19, 5004 Bergen, Norway.

14. On information and belief and at all times material, Grieg owned, chartered, managed and/or operated the M/V STAR LAGUNA as a common carrier of goods by water for hire between various ports, including the Ports of Taichung and Houston.

15. On information and belief, Grieg is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, owning, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

16. On information and belief, Grieg is a non–resident as that term is used in

Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.

17. Alternatively, although Grieg may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Grieg has sufficient national minimum contacts with the United States as a whole.

18. The exercise of personal jurisdiction over Grieg is consistent with the Constitutions and other laws of the United States and Texas.

19. Serving Grieg with a summons is effective to establish personal jurisdiction over it.

20. Grieg can be served by serving the Texas Secretary of State, and process or notice can be sent to Grieg in care of G2 Ocean AS, Grieg–Gaarden, C. Sundtsgate 17/19, 5004 Bergen, Norway.

21. On or about July 31, 2018, Plaintiff's shipper tendered in good order and condition to Defendants at Taichung cargos of ERW Carbon Steel Pipe.

22. Defendants agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.

23. Defendants acknowledged receipt of the cargos in good order and condition, and accordingly therewith, issued at Seoul various bills of lading, including Bills of Lading Nos. GSSW18SHA3924 B, C, M, N and O, free of exceptions or other

notations for loss or damage, and loaded the cargo aboard the M/V STAR LAGUNA.

24. Thereafter, on or about October 1, 2018, the M/V STAR LAGUNA arrived at Houston where Defendants later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, contaminated, scratched and/or otherwise physically damaged.

25. The losses and Plaintiff's resulting damages proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment, violation(s) of the duties of a common carrier of goods by water for hire, and/or failure to perform services in a workmanlike manner.

26. Plaintiff proximately has sustained damages exceeding $30,425.34 plus interest dating from the respective dates of shipment, demand for which has been made upon Defendants, but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DB Insurance Co., Ltd. prays that this Honorable Court adjudge that Defendants, G2 Ocean AS and Grieg Shipping II AS, *in personam*, are liable to Plaintiff for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    5535 Memorial Drive, No. F570
    Houston, Texas 77007
    Telephone:   (713) 864–2221
    Facsimile:   (713) 864–2228
    Email:   macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF